IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00183-JLK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    ELAINE ANDERSON
       a/k/a  Elaine Merlynn Anderson,

     Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through David M. Conner,

Assistant United States Attorney for the District of Colorado, and the defendant, Elaine

Anderson, a/k/a Elaine Merlynn Anderson, personally and by counsel, Peter R. Bornstein,

submit the following Plea Agreement  pursuant to D.C.COLO.LCrR 11.1.

### I.  AGREEMENT

The defendant agrees to plead guilty to Count 1 of the Indictment charging a

violation of 18 U.S.C. § 922(a)(6), Making a False Statement in Connection with the

Acquisition of a Firearm.  In exchange for the defendant's guilty plea to that count, the

government will move this court to dismiss Count 2 of the Indictment pursuant to Rule

COURT EXHIBIT
1

11(c)(1)(A), Federal Rules of Criminal Procedure.

The defendant agrees to cooperate with the government in its investigation into the criminal wrongdoing of others and to debrief completely and truthfully when and if called upon to do so and to testify truthfully at any trial, motions hearing or other proceeding in connection with the prosecution of others. The government believes the defendant has complied with this provision of the Plea Agreement to date.

Provided the defendant does nothing inconsistent with accepting responsibility between the date of her change of plea hearing and date of sentencing and provided the defendant continues to cooperate as outlined above, then, at sentencing, the government agrees it will move for a downward departure pursuant to §5K1.1 of the Sentencing Guidelines and will recommend, pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, that the defendant, Ms. Anderson, receive a sentence of probation in the above-captioned matter. There is no other agreement with respect to sentencing.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First:*  the defendant made a false statement while obtaining a firearm from a licensed dealer.

*Second:*  the defendant knew the statement was false; and

*Third:*  the statement was intended to or was likely to deceive about a material

-2-

fact, i.e., one which would affect the legality of the transfer of the firearm from the dealer to the defendant.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

The term "licensed dealer" means any firearms dealer who is licensed under federal law.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actually deceived or misled.

Tenth Circuit Pattern Jury Instructions §2.42.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(a)(6) is: not more than 120 months (10 years) imprisonment; not more than $250,000.00 fine, or both; up to 3 years supervised release; $100.00 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional

supervision.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below.  Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is June 30, 2012.

The parties agree as follows:

-4-

Sometime on June 30, 2012, or shortly before that time, Salvadore Martinez enlisted the defendant to acquire firearms for him from federally licensed firearms dealers. Salvadore Martinez had been previously convicted of the felony offense of conspiracy to commit felony menacing in 2004 in Jefferson County District Court, Case No. 2003CR3564 and in 2008 Martinez had been convicted of possession with intent to distribute marijuana and possession of a weapon by a previous offender, both felony offenses in Denver County District Court, Case No. 2007CR305. All of the convictions mentioned above were crimes punishable by a term of imprisonment exceeding one year.

The defendant, Elaine Anderson, was aware that Mr. Martinez was a convicted felon and could not legally possess firearms and could not purchase them from federally licensed firearms dealers based upon a background check which would be run at the time the weapons were purchased. Martinez informed the defendant what sorts of weapons he wanted her to purchase and after making these purchases Ms. Anderson turned over the weapons to Mr. Martinez.

Between June 30, 2012 and July 6, 2012 Ms. Anderson purchased a total of ten semi-automatic assault rifles with high capacity magazines for Salvadore Martinez. These weapons were transferred to Salvadore Martinez. All of these weapons were functioning firearms and none were manufactured in the State and District of Colorado. All were semi-automatic assault rifles with high capacity magazines. Those weapons were as follows:

-5-

1.  06/30/12 - Century Arms, Model AKMS, 7.62 caliber rifle, S/N: KMS11110
2.  06/30/12 - Century Arms, Model AKMS, 7.62 caliber rifle, S/N: KMS10044
3.  06/30/12 - Century Arms, Model AKMS, 7.62 caliber rifle, S/N: KMS 11118
4.  06/30/12 - DPMS Inc., Model A15, 5.56 caliber rifle, S/N: F248709
5.  06/30/12 - DPMS Inc., Model A15, 5.56 caliber rifle, S/N: FH131152
6.  06/30/12 - DPMS Inc., Model A15, 5.56 caliber rifle, S/N: F248710
7.  06/30/12 - Norinco, Model SKS, 7.62x39 caliber rifle, serial number 11497603/201200178
8.  07/06/12 - Yugo, Model SKS, 7.62 caliber rifle, S/N: P632629
9.  07/06/12 - Russian, Model SKS, 7.62 caliber rifle, S/N: BP3795/9934769
10. 07/06/12 - Norinco, Model SKS, 7.62 caliber rifle, S/N: 170493

Specifically, on July 6, 2012 the defendant, in connection with the acquisition of specific firearms to wit: a Russian made, Model SKS, 7.62X.39 caliber, semi-automatic rifle, with serial numbers BP3795 and 9934769 and a Norinco, Model SKS, 7.62X.39 caliber, semi-automatic rifle, serial number 170493, made false statements. Ms. Anderson traveled to the Gun Room, a federally licensed firearms dealer at 1595 Carr Street in Lakewood, Colorado. In terms of purchasing these two firearms Ms. Anderson filled out ATF Form 4473, a required document for the legal purchase of firearms from a federally licenced firearms dealer and made the false statement that she was the actual buyer and intended transferee and owner of the firearms and that she was not acquiring the firearms on behalf of another person. The time she made these statements on Form 4473 regarding the acquisition of these two firearms she knew those statements to be false and fictitious. Ms. Anderson acquired the other eight firearms making the identical false statements in order to get them.

-6-

Following the acquisition of these firearms by the defendant from a federally licensed firearms dealer, Salvadore Martinez took possession of the weapons purchased by the defendant. Salvadore Martinez took possession of those weapons on the date they were purchased by Ms. Anderson. Salvadore Martinez paid the defendant approximately $1,000.00 for the acquisition of these weapons and gave the defendant a receipt for them but when he signed the receipt Salvadore Martinez did not use his true and correct name.

Investigation has revealed that Ms. Anderson, the defendant here, did not know what Mr. Martinez planned to do with the firearms and that she was unaware that he would transfer them to others.

## VI.  ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.      The base guideline is §2K1.1(a)(4)(B)(i)(I) and 2K2.1(a)(4)(B)(ii)(III), with a base offense level of 20.

-7-

B.      The following specific offense characteristics apply.  An increase of 4
levels pursuant to §2K2.1(b)(1)(B) because the offense involved between 8 and 24
firearms.  An increase of 4 levels pursuant to §2K2.1(b)(5) because the defendant
engaged in the trafficking of firearms.  Thus, the total adjusted offense level is an offense
level of 28.

C.      There are no victim-related, role-in-offense, obstruction and/or multiple-
count adjustments.

D.      The adjusted offense level therefore would be 28.

E.      The parties' believe the defendant is entitled to a full downward adjustment
for acceptance of responsibility.  The resulting offense level  therefore would be 25.

F.      The parties understand that the defendant's criminal history computation is
tentative.  The criminal history category is determined by the Court based on the
defendant's prior convictions.  Based on information currently available to the parties, it
is estimated that the defendant's criminal history category would be I .

        The defendant has no known criminal history.

G.      The career offender/criminal livelihood/armed career criminal adjustments
would not apply.

H.      The advisory guideline range resulting from these calculations is 57-71
months.  However, in order to be as accurate as possible, with the criminal history
category undetermined at this time, the offense level(s) estimated above could

-8-

conceivably result in a range from 57 months (bottom of Category I) to 137 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction. The parties submit to the Court, however, that the appropriate sentence in this case, pursuant to §5K1.1 of the Sentencing Guidelines and other factors is a sentence to probation.

I.      Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $10,000.00 to $100,000.00, plus applicable interest and penalties. The parties agree that the defendant has no ability to pay a fine.

J.      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least 1 year, but not more than 3 years.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.


No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties

-9-

regarding the guideline range precludes either party from asking the Court to vary entirely

from the advisory guidelines and to impose a non-guideline sentence based on other18

U.S.C. §3553 factors.

The parties understand that the Court is free, upon consideration and proper

application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it

deems appropriate in the exercise of its discretion and that such sentence may be less than

that called for by the advisory guidelines (in length or form), within the advisory

guideline range, or above the advisory guideline range up to and including imprisonment

for the statutory maximum term, regardless of any computation or position of any party

on any *18 U.S.C.* §3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises,

agreements (or "side agreements"), terms, conditions, understandings, or assurances,

express or implied.  In entering this agreement, neither the government nor the defendant

has relied, or is relying, on any terms, promises, conditions, or assurances not expressly

stated in this agreement.


Date: __8/20/13__                         *Elaine Anderson*
                                          ELAINE ANDERSON
                                          Defendant


-10-

Date: _August 20, 2013_                    _____

                                           PETER R. BORNSTEIN
                                           Attorney for Defendant

Date: _8/22/13_                            _____

                                           DAVID M. CONNER
                                           Assistant U.S. Attorney

-11-